# UNITED STATES DISTRICT COURT
## for the
### Western District of Kentucky
### Louisville Division

| | | |
|---|---|---|
| Leon Covington<br>　*Plaintiff*<br><br>v.<br><br>LVNV Funding, LLC<br>　*Defendant*<br>Serve:<br>　Corporation Service Company<br>　2711 Centerville Road<br>　Suite 400<br>　Wilmington, DE 19808 | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Case No. 3:17-CV-104-JHM |

## COMPLAINT and DEMAND FOR JURY TRIAL

\* \* \* \* \*

### INTRODUCTION

　　1.　This is an action brought by a consumer for violations of the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 - 1692o ("FDCPA").

### JURISDICTION

　　2.　This Court has jurisdiction pursuant to 28 U.S.C. § 1331, and the FDCPA, 15 U.S.C. §1692k(d).

### PARTIES

　　3.　Plaintiff Leon Covington is a natural person who resides in Hardin County, Ky. Mr. Covington is a "consumer" within the meaning of the FDCPA, as defined at 15 U.S.C. § 1692a(3).

　　4.　Defendant, LVNV Funding, LLC ("LVNV"), is a foreign limited liability company, which has not registered with the Kentucky Secretary of State. LVNV is engaged in the business of purchasing debt from creditors and collecting these debts from consumers in this state. LVNV's principal place of business is located at Bank of America Building, 200 Meeting Street, Suite #206, Charleston, SC 29401-3187.

5.  LVNV regularly collects or attempts to collect debts owed or due or asserted to be owed or due another and is a "debt collector" within the meaning of the FDCPA, as defined by 15 U.S.C. § 1692a(6).

## RELEVANT FACTS

6.  On October 16, 2012, LVNV Funding, LLC ("LVNV") filed suit against Mr. Covington in Hardin District Court in Case No. 12-C-01293 (the "State Court Lawsuit").

7.  A true and accurate copy of LVNV's complaint in the State Court Lawsuit is attached as Exhibit "A."

8.  LVNV's complaint in the State Court Lawsuit was an attempt to collect a charged-off credit card debt issued by Chase Bank USA, N.A. ("Chase").

9.  The Chase credit card at issue in the State Court Lawsuit was used solely for personal, family, or household purposes, which makes the Chase debt a "debt" within the meaning of the FDCPA.

10. LVNV moved for and was granted default judgment against Mr. Covington on September 8, 2009 in the State Court Lawsuit (the "Default Judgment").

6.  A true and accurate copy of the Default Judgment is attached as Exhibit "B."

7.  The Default Judgment provides in pertinent part:

```
                      DEFAULT JUDGMENT

    This action coming before the Court upon Plaintiff's Motion for
Default Judgment, and the Court finding the Motion well-taken, IT IS
HEREBY ORDERED AND ADJUDGED that the Plaintiff, LVNV FUNDING LLC shall
recover of the Defendant :
    LEON J COVINGTON
the principal sum of $4654.90, with accrued interest of $214.25
through November 13, 2012 at the rate of 8.000% per annum until paid,
and its costs.
```

8.  While the Default Judgment awards LVNV "its costs," no amount of court costs is included or set forth in the default judgment.

9.  Under Kentucky law, court costs awarded under Ky. Civ. R. P. 54.04, which requires the prevailing party to file and serve a bill of costs on the defendant:

-2-

> A party entitled to recover costs shall prepare and serve upon the party liable therefor a bill itemizing the costs incurred by him in the action, including filing fees, fees incident to service of process and summoning of witnesses, jury fees, warning order attorney, and guardian ad litem fees, costs of the originals of any depositions (whether taken stenographically or by other than stenographic means), fees for extraordinary services ordered to be paid by the court, and such other costs as are ordinarily recoverable by the successful party. If within five days after such service no exceptions to the bill are served on the prevailing party, the clerk shall endorse on the face of the judgment the total amount of costs recoverable as a part of the judgment. Exceptions shall be heard and resolved by the trial court in the form of a supplemental judgment.

Ky.CR 54.04(2).

10. The purpose of requiring the prevailing party to file a bill of costs is twofold: (i) to give the losing party a chance to review and challenge the costs and amount of costs claimed by the prevailing party, and (ii) to subject the award of costs to judicial oversight and review.

11. If a prevailing party fails to file a bill of costs as required by law, the prevailing party may not recover court costs from the losing party.

12. LVNV did not file a bill of costs in the State Court Lawsuit.

13. LVNV did not serve a bill of costs on Mr. Covington related to its costs expended in the State Court Lawsuit.

14. There is no supplemental judgment entered in the State Court Lawsuit awarding LVNV costs.

15. Mr. Covington reached an agreement to pay LVNV $50.00 a month until the Default Judgment had been paid.

16. To make payments, Mr. Covington called either LVNV or the law firm representing LVNV to authorize a withdrawal from his bank account.

17. On December 13, 2013, LVNV filed a non-wage garnishment on Mr. Covington's bank.

18. There was a dispute as to whether LVNV was giving Mr. Covington due credit for his payments.

19. LVNV alleged that Mr. Covington missed payments for November 2013 and December 2013.

20. Mr. Covington paid LVNV the $100.00 for November and December 2013 in order to release the garnishment so that his family would not suffer at Christmas.

21. Mr. Covington continued to make payments in the same manner, to wit, authorizing LVNV to deduct $50.00 from his bank account each month.

22. In particular, Mr. Covington called LVNV or LVNV's counsel to authorize payments for December 2016 and January 2017. For reasons unknown to Mr. Covington, LVNV or its counsel apparently failed to deduct the $50.00 from his bank account in December 2016 and January 2017.

23. On February 1, 2017, LVNV filed and served a non-wage garnishment on Mr. Covington's bank (the "Garnishment").

24. A true and accurate copy of the Garnishment is attached as Exhibit "C."

25. The Garnishment provides in pertinent part:

```
Judgment Creditor:                          Garnishee's Date of Receipt: _____
LVNV FUNDING LLC
Judgment Debtor:
LEON J COVINGTON ;       [redacted]
    Garnishee:
[redacted]
    Amount Due:   $4118.29
Probable Court Costs:
              $20.00
```

26. Upon information and belief, the Garnishment includes court costs and/or other fees that LVNV has no legal right to collect from Mr. Covington.

27. The Garnishment overstates the amount due by at least $129.00.

28. The "Probable Court Costs" of $20.00 consists of statutory fees that are not recoverable court costs under Kentucky law and for which no Bill of Costs was filed.

29. LVNV violated the FDCPA by misrepresenting the amount of the Chase credit card debt, by collecting and attempting to collect additional fees and costs from Mr. Covington that it had no legal right to collect from him, and by filing the Non-Wage Garnishment in breach of the parties agreement to pay off the Default Judgment through regular payments of $50.00 per month.

### Claims for Relief

I. **Violations of the FDCPA**

30. The foregoing acts and omissions of LVNV Funding, LLC constitute violations of

the FDCPA, including, but not limited to violation of 15 U.S.C. § 1692e and 15 U.S.C. § 1692f.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Leon Covington requests that the Court grant him the following relief:

1. Award Plaintiff actual damages;

2. Award Plaintiff maximum statutory damages under 15 U.S.C. § 1692k;

3. Award Plaintiff reasonable attorney's fees and costs;

4. A trial by jury; and

5. Such other relief as may be just and proper.

Respectfully submitted,

/s/ James H. Lawson
**James H. Lawson**
*Lawson at Law, PLLC*
115 S. Sherrin Avenue, Suite 4
Louisville, KY 40207
Tel:   (502) 473-6525
Fax:   (502) 473-6561
james@kyconsumerlaw.com